CITED *in* *Clement* v. *Kaighn*, 2 *McCar.* 58.

## JESSE STANLEY v. JOHN HORNER.

To give a justice jurisdiction to remove a tenant by the summary proceedings authorized by the act of March 4, 1847, (*Nixon's Dig.* 422), in cases of uncertain tenancy, as at will or at sufferance, proof is required by the oath of some person other than the landlord, that such tenancy has been duly terminated. Due proof in this statute means proof by some competent witness.

This cause was a *certiorari* directed to Justice Budd, of Camden county, to remove the proceedings had before him under the act of March 4, 1847, to remove the plaintiff in *certiorari*, from premises hired by him of the defendant.

Argued before Justices OGDEN and HAINES, and opinion of the court delivered by Justice HAINES.

HAINES, J.   This case arises upon a *certiorari* to Justice Budd, of Camden, removing proceedings in a matter between landlord and tenant, under the statute of 4th March, 1847, *Pamphlet* 142, and consequently presents a question of jurisdiction.   If the justice had jurisdiction of the case, then the *certiorari* was improvidently issued, and must be dismissed, for by the 7th section it is declared that the proceedings had by virtue of that act, shall not be appealed from or removed by *certiorari*.

But if the justice had no jurisdiction, then the proceedings were not had by virtue of the act, and may be removed by *certiorari*, and must be set aside.   *Ackerman* v. *Taylor*, 4 *Halst.* 69, and the cases there referred to.

By the return to the writ, and also to a rule upon the justice to certify the facts proved before him, it appears that Jesse Stanley, the defendant in *certiorari*, leased to John Horner, the plaintiff, a house and lot, from October, 1851, to 25th March, 1852, for the rent of ten dollars; that Stanley entered and held possession of the premises during the term, and continued to hold the same without " the leave' or license of Horner, and without paying rent," until the commencement of the proceedings below, on the 25th June, 1853.

Upon the authority of *Den* v. *Adams*, 7 *Hals. R.* 99, if Stanley continued in possession by the consent of Horner, either express or implied, he became a tenant from year to year; if he held over without such consent, he became a tenant at sufferance.   Then in either case, whether he became at sufferance, or from year to year, by the 4th section of the act of 1847, under which these proceedings are alleged to have been instituted, the justice, before issuing his summons,

should have been satisfied by due proof that such tenancy had been terminated by giving notice in the manner prescribed by law.

In cases of certain tenancy, the oath or affirmation of the landlord or his legal representatives, agents or assignees is competent evidence of the facts on which the justice is to proceed. But in a case of uncertain tenancy, as of a tenancy at will, or at sufferance, or from year to year, *due proof* is required of its termination, by giving notice in the manner prescribed by law.

There is a manifest distinction made by the statute between the oath of the landlord in the one class of cases, and the proof required in the other class.

In *Hall et al.* v. *Hunt et al.*, *Spenc.* 476, under the act to abolish imprisonment for debt in certain cases, this court, through Justice Carpenter, said that "*proof*," as there used, " is a technical word, and used in a technical sense, and implies the application, to some extent, of those rules under which evidence is ordinarily admitted, as thus, that a party to the record, and having a direct interest in the result of the suit, cannot be a witness for himself against the adverse party." And it was there held that the oath of the creditor was not sufficient proof of the fraud.

And the legislature gave a like construction to that phrase, where, by the act of 15th April, 1846, (*Rev. Stat.* 32), they expressly made the oath or affirmation of the creditor competent evidence to show the fraud.

The same rule of construction must be applied to the term, "*due proof*," used in the 4th section of this act. By it the landlord is required in a case of uncertain tenancy to produce before the justice *proof* besides that of his own oath.

Such proof does not appear to have been produced before the justice in this case. It is true that he certifies that due proof was made, but it is manifest that no other proof was before him at the time of issuing the summons, than the affirmation of the landlord, and he must have considered that as due proof.

The justice, therefore, had no jurisdiction of the case—the proceedings were not pursuant to the statute and must be set aside.

OGDEN, J., concurred.